**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOWARD POTTS, ) | NO. SA CV 15-773-E |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**PROCEEDINGS**

Plaintiff filed a Complaint on May 17, 2015, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on July 14, 2015.

Plaintiff filed a motion for summary judgment on November 30, 2015. Defendant filed a motion for summary judgment on January 27, 2016. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed May 21, 2015.

///

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former lube technician, asserted disability since January 24, 2012, based on several alleged impairments (Administrative Record ("A.R.") 21-27, 44, 50-57, 71, 199-203, 257-59, 277-78). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff, a medical expert and a vocational expert (A.R. 21-468).

The ALJ found some severe impairments but also found Plaintiff retains the residual functional capacity to perform particular sedentary jobs existing in significant numbers (A.R. 23-29). The ALJ found Plaintiff's contrary subjective complaints not entirely credible (A.R. 24-27). The Appeals Council denied review (A.R. 1-4).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[1] legal error. Plaintiff's contrary arguments are unavailing.

**I.  Substantial Evidence Supports the Conclusion Plaintiff Can Work.**

Dr. Ruben Beasey, the medical expert, testified that Plaintiff retains a residual functional capacity equal to or greater than the capacity the ALJ found to exist (A.R. 45-49). Where, as here, the opinion of a non-examining physician does not contradict "all other

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability. See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

evidence in the record," the opinion may furnish substantial evidence to support the administrative decision. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

Dr. John S. Godes, an examining internist, also opined Plaintiff retains a residual functional capacity equal to or greater than the capacity the ALJ found to exist (A.R. 453). State agency physicians concurred (A.R. 87, 378-82). Significantly, no physician has opined Plaintiff has ever been disabled from all employment for a continuous twelve month period. See Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (in upholding the Administration's decision, the Court emphasized: "None of the doctors who examined [claimant] expressed the opinion that he was totally disabled."); accord Curry v. Sullivan, 925 F.2d 1127, 1130 n.1 (9th Cir. 1991). Medical testing supported the opinions that Plaintiff can work. For example, an MRI of the lumbar spine in 2011 and an MRI of the cervical lumbar spine in 2013 revealed only "mild" to "moderate" abnormalities (A.R. 412, 456-57, 467).

The vocational expert testified that a person with the residual functional capacity the ALJ found to exist could perform certain sedentary jobs existing in significant numbers (A.R. 60-64). The ALJ properly relied on this testimony in denying disability benefits. See Barker v. Secretary, 882 F.2d 1474, 1478-80 (9th Cir. 1989); Martinez v. Heckler, 807 F.2d 771, 774-75 (9th Cir. 1986).

To the extent any of the medical evidence is in conflict, it is the prerogative of the ALJ to resolve such conflicts. See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001). When evidence "is

susceptible to more than one rational interpretation," the Court must uphold the administrative decision. See Andrews v. Shalala, 53 F.3d at 1039-40; accord Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997). The Court will uphold the ALJ's rational interpretation of the evidence in the present case notwithstanding any conflicts in the record.

**II.  The ALJ Properly Discounted Plaintiff's Credibility.**

Plaintiff subjectively complained, inter alia, of allegedly "constant" disabling pain, a claimed inability to raise his arms and to grasp objects and a supposed lack of strength and energy (A.R. 50-51, 53, 56-57, 257-59, 277, 466). The ALJ found Plaintiff's subjective complaints "less than fully credible" (A.R. 27). As discussed below, the ALJ did not thereby err.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). Where, as here, the ALJ finds that the claimant's medically determinable impairments reasonably could be expected to cause some degree of the alleged symptoms of which the claimant subjectively complains, any discounting of the claimant's complaints must be supported by specific, cogent findings. See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of

5

malingering).[2] An ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (internal citations and quotations omitted); see also Social Security Ruling 96-7p. As discussed below, the ALJ stated sufficient reasons for deeming Plaintiff's subjective complaints less than fully credible.

As the ALJ accurately observed, "[t]he record reflects significant gaps in the claimant's history of treatment and relatively infrequent trips to the doctor for the allegedly disabling symptoms" (A.R. 27). Unexplained or inadequately explained gaps in treatment or failures to seek treatment can justify the discounting of a claimant's credibility. See Fanale v. Astrue, 322 Fed. App'x 566, 567 (9th Cir. 2009) ("significant gaps in medical treatment" deemed a clear and convincing reason to discount a claimant's credibility); Burch v. Barnhart, 400 F.3d at 681 (lack of consistent treatment such as where there was a three to four month gap in treatment properly considered in discrediting claimant's back pain testimony); Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (in assessing the credibility of a

---

[2] In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014); Chaudhry v. Astrue, 688 F.3d 661, 670, 672 n.10 (9th Cir. 2012); Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases). In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

claimant's pain testimony, the Administration properly may consider the claimant's failure to request treatment) (citing Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (en banc)). Plaintiff appears to assert that he did not go to the doctor because he was working in a part time job (Plaintiff's Motion at 8). This proffered explanation for some of Plaintiff's failures to seek treatment does not persuasively undercut the ALJ's reasoning.

The ALJ also properly relied on evidence that Plaintiff "has not been entirely compliant in taking prescribed medications" (A.R. 27; see A.R. 445, 459, 461, 463). Such noncompliance can suggest that a claimant's symptoms have not been as severe as the claimant has asserted. See Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) (unexplained or inadequately explained failure to follow prescribed course of treatment can cast doubt on claimant's credibility); see also Meanel v. Apfel, 172 F.3d at 1114 (Administration properly may consider the claimant's failure to follow treatment advice). Plaintiff argues that the ALJ's discussion of Plaintiff's noncompliance with prescribed treatment violated Social Security Ruling ("SSR") 82-59. Plaintiff's argument is misplaced. SSR 82-59 is inapplicable to the present case because the ALJ did not premise the denial of benefits solely on Plaintiff's failure to follow prescribed treatment. See Roberts v. Shalala, 66 F.3d 179, 183 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996) (claimant "had no right to enjoy the protections of SSR 82-59 because [the Administration] did not premise the denial of her benefits solely on [the claimant's] failure to follow prescribed treatment"); accord Molina v. Astrue, 674 F.3d at 1114 n.6 (9th Cir. 2012); Washington v. Commissioner, 2015 WL

7

5222542, at *1 (C.D. Cal. Sept. 7, 2015). Plaintiff also argues that a need to avoid allegedly undesired medication side effects explained Plaintiff's noncompliance. The ALJ was not required to accept this explanation, particularly in the absence of evidence Plaintiff specifically sought out from his doctors other medications or treatments that might not produce the assertedly undesired side effects.

The ALJ also properly relied on the "routine and/or conservative" nature of much of Plaintiff's treatment (A.R. 26-27). A routine or conservative course of treatment may discredit a claimant's allegations of disabling symptoms. See Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008) ("evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment"); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (conservative treatment can suggest a lower level of both pain and functional limitation, justifying adverse credibility determination); see also Tommasetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (characterizing physical therapy as conservative treatment). Plaintiff argues that one of Plaintiff's doctors "did not rule out surgical intervention for the cervical spine" (Plaintiff's Motion at 9). This doctor recommended no surgery for the lumbar spine and physical therapy for the cervical spine (A.R. 467). The same doctor noted that Plaintiff began to claim neck pain only as of June 2013, which was more than a year after Plaintiff claimed to have become disabled (A.R. 466). Under the circumstances, the ALJ properly could infer from the nature of Plaintiff's actual and recommended medical treatment that Plaintiff had exaggerated his

symptoms.  See id.

The ALJ also properly relied on inconsistencies between Plaintiff's claims and his demonstrated activities (A.R. 27).  See Thune v. Astrue, 499 Fed. App'x 701, 703 (9th Cir. 2012) (ALJ properly discredited pain allegations as contradicting claimant's testimony that she gardened, cleaned, cooked, and ran errands); Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175 (9th Cir. 2008) (claimant's "normal activities of daily living, including cooking, house cleaning, doing laundry, and helping her husband in managing finances" sufficiently explained the rejection of the claimant's credibility); Burch v. Barnhart, 400 F.3d at 680 ("In determining credibility, an ALJ may engage in ordinary techniques of credibility evaluation, such as considering . . . inconsistencies in claimant's testimony.").  The record demonstrates that Plaintiff walked approximately one mile three times per week, carried objects weighing twenty-five pounds, did dishes twice a day, cleaned the bathroom floor, sink, tub and toilet twice a week and even spent hours carrying chairs around in a warehouse while working in a part time job (A.R. 41-42, 49-50, 257-58).  All of these activities occurred while Plaintiff was claiming to be disabled.  The extent and the timing of these activities properly could impugn Plaintiff's claims of greater incapacity than he displayed while performing these activities.  See id.; see also Bray v. Commissioner, 554 F.3d 1219, 1227 (9th Cir. 2009) (upholding ALJ's credibility determination where the claimant had done some work during the period of alleged disability and had sought out other employment).
///
///

Finally, the objective medical evidence properly may undermine Plaintiff's credibility in the present case. Although a claimant's credibility "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor. . . ." Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Here, the ALJ properly could infer from the medical evidence that Plaintiff's problems have not been, and are not now, as profound as he has claimed.

Accordingly, the ALJ stated sufficient reasons to allow this Court to conclude that the Administration discounted Plaintiff's credibility on permissible grounds.[3] See Moisa v. Barnhart, 367 F.3d at 885. The Court therefore defers to the Administration's credibility determination. See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to Administration's credibility determination when the proper process is used and proper reasons for the decision are provided); accord Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1464 (9th Cir. 1995).[4]

///
///
///

---

[3] Furthermore, even if one or two of the ALJ's stated reasons were to be deemed legally infirm, the Court still could uphold the ALJ's credibility determination. See Carmickle v. Commissioner, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

[4] In this discussion section, the Court does not determine whether Plaintiff's subjective complaints are credible. Some evidence suggests that those complaints may be credible. However, it is for the Administration, and not this Court, to evaluate witnesses' credibility. See Magallanes v. Bowen, 881 F.2d 747, 750, 755-56 (9th Cir. 1989).

**CONCLUSION**

For all of the foregoing reasons,[5] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 1, 2016.

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[5] The Court has considered and rejected each of Plaintiff's arguments. Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration. See generally McLeod v. Astrue, 640 F.3d 881, 887-88 (9th Cir. 2011) (discussing the standards applicable to evaluating prejudice).